**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4152**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTHONY RAVON RUFFIN, a/k/a Anthony Ray Ruffin,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:08-cr-00304-JAB-1)

Submitted:  August 29, 2012            Decided:  September 11, 2012

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel A. Forehand, LAW OFFICE OF SAMUEL A. FOREHAND, P.A., Raleigh, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Anthony Ravon Ruffin was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006) (Count One); armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006) (Count Two); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006) (Count Three); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006) (Count Four). The district court sentenced Ruffin to 415 months' imprisonment: 105 months on Count Two, plus an additional 10 months for committing the offense while on release; 105 months on Count Four, plus an additional ten months for committing the offense while on release, to run concurrently with the 115-month sentence for Count Two; and 300 months on Count Three, to run consecutively to the concurrent 115-month terms on Counts Two and Four. In addition, the court ordered the 415-month sentence to run consecutively to the undischarged portion of a 322-month sentence Ruffin was serving for unrelated convictions in the Eastern District of North Carolina. Ruffin timely appealed.

Ruffin first seeks to have his convictions vacated because the license of one of the Government attorneys who prosecuted his case had been suspended. Our review of the

record shows that Ruffin failed to establish a violation of his rights or prejudice warranting vacatur of his convictions.

Next, Ruffin contends that the district court erred by failing to consider U.S. Sentencing Guidelines Manual § 5G1.3(c), p.s. (2010), when it ordered the concurrent 115-month prison terms on Counts Two and Four to run consecutive to, rather than concurrent with, the undischarged portion of the sentence imposed on unrelated offenses in the Eastern District of North Carolina. Ordinarily, we review legal questions concerning the application of the Sentencing Guidelines de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). However, where a defendant argues that the district court erred in its consideration of USSG § 5G1.3, but he did not invoke the Guideline or argue that he was entitled to a concurrent sentence in the district court, we review only for plain error. United States v. Rouse, 362 F.3d 256, 260 (4th Cir. 2004). Here, Ruffin requested that the district court consider running his concurrent 115-month terms on Counts Two and Four concurrently to any other sentence, but he did not mention USSG § 5G1.3. We conclude that Ruffin has not demonstrated error under either standard of review.

Although the district court did not specifically mention USSG § 5G1.3(c) at the sentencing hearing, the provision was cited in the presentence report ("PSR"), where the probation

3

officer recommended that a consecutive sentence be imposed, and the court considered the PSR, as well as requests by counsel for and against a consecutive sentence. Accordingly, we can fairly infer that the district court considered USSG § 5G1.3(c), and Ruffin has not shown any error. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) ("A [district] court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Finally, Ruffin argues that he was denied effective assistance of counsel at sentencing because his attorney failed to argue that § 5G1.3(c) supported running his concurrent terms on Counts Two and Four concurrently with his undischarged sentence in the Eastern District of North Carolina. Claims of ineffective assistance of counsel should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because the record here does not conclusively show that counsel was constitutionally ineffective, we decline to review this claim on direct appeal.

4

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED